# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| ESTELLA PARKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 08-CV-631-GKF-PJC |
| SOUTHCREST HOSPITAL, | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant Southcrest Hospital's ("Southcrest") Motion to Quash Plaintiff's Subpoena to Testify at a Deposition in a Civil Action (Dkt. #36) and Non-Party EEOC's Motion to Quash Subpoena and for Protective Order (Dkt. ## 35 and 37).

Plaintiff Estella Parker ("Parker") issued a subpoena to testify at a deposition to Sherri Anderson Beasley ("Beasley") an investigator with the EEOC who lives and works in Oklahoma City, Oklahoma, on July 13, 2011. (Dkt. #35-3). The deposition was to take place at 3115 North Garrison Avenue, Tulsa, Oklahoma on July 28, 2011 at 2:00 PM. *Id*. The subpoena states that Beasley's deposition was sought regarding Parker's EEOC claim against Southcrest that she had been discriminated against, the EEOC's finding that the charges were true and a violation had occurred, and a subsequent award settlement that was granted in February 2008. *Id.* The subpoena also seeks:

> any and all paper and electronic records, facsimile, including February, 2008 settlement agreement relevant to the matter of the above case, and all other documents concerning Estella Parker v. Southcrest Hospital from January, 2007 though July, 2008.

*Id.*

The EEOC moves to quash the subpoena because it does not comply with Rule 45 of the

Federal Rules of Civil Procedure as Beasley's residence and workplace are outside 100 miles of the place specified for her deposition, is in conflict with EEOC's statutory duty to maintain confidentiality, contravenes the EEOC's deliberative process privilege and is unduly burdensome.

Southcrest moves to quash the subpoena as it did not receive reasonable written notice of the subpoena as required by Rule 30(b)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 30.1(a)(2) ("reasonable notice . . . shall be seven (7) days"); rather, its only notice of the subpoena was its attachment to EEOC's motion to quash which was filed on July 27, 2011. Southcrest further objects that the subpoena seeking documents from non-party Beasley violates Rule 45(b)(1) which provides "[i]f the subpoena commands the production of documents, . . . then *before* it is served, a notice must be served on each party." Fed.R.Civ.P. 45(b)(1)(emphasis added).

As the Court finds that Parker failed to comply with Rules 30(b)(1) and 45(b)(1) and (2) of the Federal Rules and Rule 30.1(a)(2) of the Local Rules, the Court grants both motions to quash and the motion for protective order.

IT IS SO ORDERED, this 28th day of July, 2011.

_____
Paul J. Cleary
United States Magistrate Judge